Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELEN BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. |
| | ) |
| ACCOUNTS RECEIVABLES | ) |
| MANAGEMENT, INC. | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

NOW COMES the Plaintiff, HELEN BAKER, ("Plaintiff") and her attorneys, Kimmel & Silverman, P.C., and for her Complaint against the Defendant ACCOUNTS RECEIVABLES MANAGEMENT, INC. ("Defendant").

Plaintiff alleges and states as follows:

### I. PRELIMINARY STATEMENT

1.   This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendants' collection efforts.

## II. <u>JURISDICTION AND VENUE</u>

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Venue lies properly in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## III. <u>PARTIES</u>

3.      Plaintiff is an adult individual who resides in Hazard, Kentucky, 41701.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3), as he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), in that they held themselves out to be a company collecting a consumer debt allegedly owed to another.

6.      Defendant is a national debt collection company with its registered address at 155 Mid Atlantic Parkway, Thorofare, New Jersey 08086.

7.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by the FDCPA, 15 U.S.C. §1692(a)(5).

8.      Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>BACKGROUND ON THE FDCPA</u>

9.      The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines

abuse, and provides for specific consumer rights.    15 U.S.C. §1692(k).    The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

10.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such action.    The substantive heart of the FDCPA lies in three broad prohibitions.    First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."    15 U.S.C. § 1692(d).    Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."    15 U.S.C. § 1692(e).    And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."    15 U.S.C. § 1692(f). Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

11.    In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."    15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

12.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

## V.  FACTUAL ALLEGATIONS

13.     At all pertinent times hereto, Defendant was hired to collect a consumer credit card debt allegedly owed by Plaintiff, in connection to a First Premier Bank account.

14.     For purpose of background, Defendant began placing repetitive and harassing telephone calls to Plaintiff on or around August of 2010.

15.     At no point during the five (5) day period from the first communication, or any time since, has Defendant notified Plaintiff of her right to dispute the validity of the debt, or to demand verification thereof.

16.     Defendant's harassing telephone calls were placed by its representatives "Andrew Brown" (phonetic), "Ms. Carrie" (phonetic), "Kim" (phonetic) and "Doug" (phonetic).

17.     The calls derived from numbers including, but not limited to (866) 932-6780, (336) 308-0430 and (336) 790-3607.  The undersigned has confirmed that these numbers belong to Defendant.

18.     Defendant's representatives called Plaintiff multiple times per day, demanding payment of the alleged debt.  Plaintiff has kept a non-exhaustive call log, detailing Defendant's harassing calls from October, 2010 until March, 2011, which is attached hereto as Exhibit "A".

19.     On October 19, 2011 Defendant's representatives, including but not limited to "Doug", called Plaintiff at least four (4) times in a single day.

20.     At least two (2) of these calls on October 19, 2011 were before 8:00 am.

21.     Plaintiff was highly disturbed and inconvenienced by Defendant's early harassing calls.

22.     Accordingly, Plaintiff told Defendant's representative "Doug" to call back at a more appropriate time.

23.     At 8:01 am on October 19, 2011, "Doug" called Plaintiff again and said "remember me?  It's Doug!"

24.     In the October 19, 2011 telephone conversation, "Doug" told Plaintiff that she had poor English.

25.     During another communication, Defendant's representative "Kim" called Plaintiff and told her that Defendant was going to take legal action against Plaintiff and garnish her wages.

26.     Plaintiff informed "Kim" that due to medical issues, she was on Social Security Disability, and therefore Defendant could not garnish her wages.

27.     "Kim" falsely told Plaintiff that because the alleged debt derives from a mail ordered item, Plaintiff has committed mail fraud, and that Plaintiff could therefore be arrested.

28.     Despite the threats made by "Kim", no civil or criminal legal action has been taken by Defendant against Plaintiff.

29.     In or around, December, 2010, Defendant's representatives began placing harassing telephone calls to both of Plaintiff's parents with the intent of embarrassing Plaintiff and coercing Plaintiff into making payment of the alleged debt.

30.     On or around December 1, 2010, a representative of Defendant telephoned Plaintiff's mother, and informed her that Plaintiff was "acting childish" and refusing to pay her debt.

31.     On or around December 15, 2010, a representative of Defendant telephoned Plaintiff's father in order to collect Plaintiff's alleged debt.

32.     During this call, Defendant's representative became rude and abrasive, and told Plaintiff's father that the calls will not cease, until Plaintiff pays the debt.

33.     Defendant's actions in connection with the collection of Plaintiff's alleged debt were harassing, abusive, deceptive and unfair.

## VI. ALLEGATIONS
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

34.     Plaintiff reincorporates by reference all of the preceding paragraphs.

35.     Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a)     Contacting Plaintiff at an inconvenient time, in violation of 15 U.S.C. § 1692c(a)(1);

b)     Contacting third parties in connection to the collection of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(c);

c)     Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

d)     Using language the natural consequence of which was to abuse Plaintiff in violation of 15 U.S.C. § 1692d(2);

e)     Causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass him, in violation of 15 U.S.C. § 1692d(5);

6

f)      Making representations to Plaintiff that were misleading and deceptive, in violation of 15 U.S.C. § 1692e;

g)      Making threats to take legal actions that were not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

h)      Making the false representation that Plaintiff has committed a crime, in violation of 15 U.S.C. § 1692e(7);

i)      Making representations to Plaintiff that were misleading and deceptive, in violation of 15 U.S.C. § 1692e(10);

j)      Acting in a way that is unfair and unconscionable, in violation of 15 U.S.C. § 1692f;

k)      Failing to notify Plaintiff of her right to dispute the debt or demand verification thereof within five (5) days of the initial communication, in violation of 15 U.S.C. § 1692g(a); and

l)      Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Actual damages;

B.      Statutory damages;

C.      Costs and reasonable attorney's fees; and,

D.      For such other and further relief as may be just and proper.

7

## VIII.   DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Date:   10/11/11

Respectfully submitted,

By: /s/ Amy Bennecoff (AB0891)
AMY L. BENNECOFF
Attorney for Plaintiff
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334

# CIVIL COVER SHEET

℔JS 44   (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS
HELEN BAKER

**DEFENDANTS**

ACCOUNTS RECEIVABLES MANAGEMENT, INC.

**(b)**   County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)
Amy L. Bennecoff, Kimmel & Silverman, P.C., 1930 East Marlton Pike, Suite Q29, Cherry Hill, New Jersey 08003, 856-429-8334

Attorneys (If Known)

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

☐ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V.  ORIGIN (Place an "X" in One Box Only)

☒ 1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from another district (specify)

☐ 6   Multidistrict Litigation

☐ 7   Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692K

Brief description of cause:
Fair Debt Collection Practices Act

## VII.  REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE
10/11/2011

SIGNATURE OF ATTORNEY OF RECORD
/s/ Amy L. Bennecoff

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____