# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HELEN BAKER, | Civil No. 11-5869 (NLH/KMW) |
| Plaintiff, | |
| v. | **OPINION** |
| ACCOUNTS RECEIVABLES MANAGEMENT, INC., | |
| Defendant. | |

**APPEARANCES:**

Helen Baker
6413 Route 451
Hazard, Kentucky 41701
    *Pro Se Plaintiff*

Andrew M. Schwartz, Esquire
Ronald M. Metcho, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin, PC
2000 Market Street
24th Floor
Philadelphia, Pennsylvania 19103
    *Attorneys for Defendant Accounts Receivables Management, Inc.*

**HILLMAN, District Judge**

 This matter comes before the Court by way of Defendant Accounts Receivables Management, Inc.'s motion [Doc No. 23] seeking the involuntarily dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  Plaintiff did not file opposition to Defendant's

motion,[1] and the time for filing opposition has now expired.  The Court has considered Defendant's motion and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendant's motion will be denied without prejudice.

## I.   JURISDICTION

Plaintiff Helen Baker brings this action alleging claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  The Court exercises jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

## II.  BACKGROUND

Plaintiff commenced this action on October 11, 2011 by filing a complaint alleging that Defendant violated the FDCPA by making repetitive and harassing telephone calls to Plaintiff from approximately August of 2010 through March of 2011 in its attempt to collect a consumer credit card debt allegedly owed by

---

[1] Defendant's counsel filed a certification on October 17, 2012 certifying that the present motion was served upon Plaintiff by first class mail and certified mail on October 9, 2012 at 6413 Route 451, Hazard, Kentucky 41701.  (Certification of Counsel [Doc. No. 25] 1.)  As evidenced by the green domestic return receipt attached as Exhibit A to counsel's certification, Plaintiff signed for the receipt of the certified mail on October 13, 2012.  Plaintiff is thus deemed to have notice of the pending motion to dismiss.

Plaintiff.  (Compl. [Doc. No. 1] ¶¶ 13-14, 18.)  Plaintiff claims
that Defendant's representatives called Plaintiff multiple times
a day and at inconvenient hours; threatened legal action against
Plaintiff including the garnishing of her wages; falsely accused
Plaintiff of mail fraud and threatened Plaintiff with arrest; and
began calling both of Plaintiff's parents to coerce Plaintiff
into paying the alleged credit card debt.  (Id. ¶¶ 19-21, 25, 27,
29-32.)  The complaint also asserts that Defendant violated the
Act by failing to notify Plaintiff of her right to dispute the
validity of the debt or to demand verification thereof.  (Id. ¶
15.)

From the time the complaint was filed in October of 2011
until the summer of 2012, Plaintiff was represented by Amy L.
Bennecoff, Esquire, Christopher J. Kelleher, Esquire, and Jacob
U. Ginsburg, Esquire, of the law firm of Kimmel and Silverman
P.C. (hereinafter collectively referred to as "Kimmel and
Silverman") located in Cherry Hill, New Jersey.  On July 3, 2012,
Kimmel and Silverman filed a motion to withdraw from the
representation certifying that Plaintiff had discharged Kimmel
and Silverman on June 29, 2012 and had elected to proceed pro se
in this matter.  (Certification of Amy L. Bennecoff [Doc. No. 12-
1] ¶¶ 2-3.)  Counsel's certification indicated that the
"discharge resulted from fundamental disagreements between
counsel and Ms. Baker, and [Ms. Baker's] failure to substantially

3

fulfill certain obligations to her counsel." (Id.)

On August 28, 2012, the Honorable Karen M. Williams, the United States Magistrate Judge assigned to this case, conducted a hearing on Kimmel and Silverman's motion to withdraw. (See Minute Entries [Doc. Nos. 18, 19].) Plaintiff appeared at the August 28, 2012 hearing via telephone, and did not object to Kimmel and Silverman's withdraw. (Id.; see also Am. Order [Doc. No. 21] 1, Aug. 28, 2012.) By Amended Order[2] dated August 28, 2012 ("August 28, 2012 Order"), Judge Williams granted Kimmel and Silverman's motion to withdraw from this matter effective thirty days from the date of the Order. (Am. Order [Doc. No. 21] 1-2, Aug. 28, 2012.) Judge Williams further ordered Plaintiff to "either retain new counsel or notify the Court, in writing, of her intent to proceed pro se" in this action on or before October 1, 2012. (Id. at 2.) To follow up on the directives of the August 28, 2012 Order, Judge Williams scheduled an in-person status conference for October 5, 2012 at 3:00 p.m. (Id.) The August 28, 2012 Order noted that if no counsel appeared on Plaintiff's behalf at the October 5, 2012 conference, the Court would contact Plaintiff by telephone at her home in Kentucky to participate in the conference. (Id.)

Despite the explicit directives set forth in the August 28,

---

[2]It appears the Amended Order [Doc. No. 21] was entered to correct the month and year of the original Order [Doc. No. 20] regarding the motion to withdraw.

2012 Order, the record reflects that by the October 1, 2012 deadline no counsel filed a notice of appearance on Plaintiff's behalf, nor did Plaintiff notify the Court in writing of her intent to proceed pro se.  At the subsequent October 5, 2012 in-person conference before Judge Williams, no counsel appeared on Plaintiff's behalf and accordingly the Court attempted to contact Plaintiff at her home via telephone.  (See Minute Entry [Doc. No. 22] 1.)  At that time, the Court was unable to reach Plaintiff at the telephone number she previously provided, and the conference was adjourned.  (Id.)

Thereafter, Defendant filed the present motion seeking to dismiss Plaintiff's complaint with prejudice pursuant to Rule 41(b).

III. **DISCUSSION**

Pursuant to Rule 41(b) governing involuntary dismissals, a defendant may move to dismiss an action or any claims against it where the plaintiff either fails to prosecute the case or fails to comply with court rules or orders.  FED. R. CIV. P. 41(b).  The Rule expressly provides that a dismissal order pursuant to 41(b) "operates as an adjudication on the merits" unless the order states otherwise.  Id.  "Failure to prosecute does not require that the party take affirmative steps to delay the case.  A failure to comply with court orders, failure to respond to

discovery or other failure to act is sufficient to constitute lack of prosecution." Melvin v. Astbury, No. 05-771, 2006 WL 1084225, at *2 (D.N.J. Apr. 21, 2006) (citing Adams v. Trs. of the New Jersey Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994); Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 640-641 (1976)).

The Third Circuit requires "that a district court must consider [the six factors set forth in Poulis v. State Farm Fire and Casualty Co.] before dismissing an action for failure to prosecute." Clarke v. Nicholson, 153 F. App'x 69, 72 (3d Cir. 2005) (citing Poulis, 747 F.2d 863, 868 (3d Cir. 1984)). The six Poulis factors include:

> 1) the extent of the nonmoving party's personal responsibility; 2) the prejudice to the moving party caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.

Clarke, 153 F. App'x at 72. However, the Court need not engage in an analysis of the six Poulis factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible. See, e.g., Sebrell ex rel. Sebrell v. Phila. Police Dep't, 159 F. App'x 371, 373-74 (3d Cir. 2005); Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994); see also Abulkhair v. New Century Fin. Servs., Inc., 467 F. App'x 151, 153

(3d Cir. 2012).


**IV.   <u>ANALYSIS</u>**

Defendant asserts in passing that a balancing of the <u>Poulis</u> factors is not necessary where the Plaintiff simply refuses to comply with a court order such as here.  (Def.'s Mem of Law 5.) As set forth above, the Third Circuit does not require a district court to balance the <u>Poulis</u> factors where the plaintiff willfully abandons the case or makes adjudication of the matter impossible. Because Defendant does not specifically argue that Plaintiff has abandoned her claims and made adjudication of this action impossible, the Court examines the six <u>Poulis</u> factors to determine if dismissal with prejudice is warranted pursuant to Rule 41(b).  In doing so, the Court recognizes that the <u>Poulis</u> factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation[.]"  <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).  No one factor is determinative and not all of the factors need be met to warrant dismissal.  <u>Adonai-Adoni v. King</u>, Nos. 12-3605, 12-3606, 2012 WL 6183617, at *2 (3d Cir. Dec. 12, 2012) (citing <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988)).

In analyzing the <u>Poulis</u> factors as set forth below, the Court bears in mind that a dismissal with prejudice, as requested by Defendant here, is a "drastic sanction[], termed 'extreme' by

the Supreme Court, ... [which should] to be reserved for cases
comparable to ... 'flagrant bad faith' and 'callous
disregard'[.]"  Harris v. City of Philadelphia, 47 F.3d 1311,
1330 n.18 (3d Cir. 1995).

###### 1.   Plaintiff's Personal Responsibility

Defendant argues that the "responsibility for the failure to
prosecute and the failure to comport with the August 29th Court
Order falls squarely on the Plaintiff" here.  (Def.'s Mem. of Law
[Doc. No. 24] 3.)  Defendant raises two specific issues that
purportedly reflect on Plaintiff's personal responsibility: (1)
her failure to appear for a deposition in this matter; and (2)
her failure to comply with the August 28, 2012 Order entered by
Magistrate Williams.

Defendant represents that throughout the course of this
litigation it noticed the deposition of Plaintiff on three
separate occasions.  (Def.'s Mot. [Doc. No. 23] ¶ 2.)  Defendant
originally noticed Plaintiff's deposition for February 3, 2012
and sent the notice to Plaintiff, through her former counsel, on
December 21, 2011.  (Def.'s Mem. of Law 1.)  Plaintiff's former
counsel, Kimmel and Silverman, informed Defendant that Plaintiff
was not available for a deposition on February 3, 2012, and
Defense counsel therefore sought new dates for Plaintiff's
deposition.  (Id.)  Defendant similarly asserts in a conclusory
manner that it "made a number of attempts to secure" Plaintiff's

deposition but that "[d]espite every effort ... Plaintiff refused to appear for her deposition."[3]   (Def.'s Mem. of Law 1-2.) Defendant contends that just prior to filing a motion to compel Plaintiff's deposition, Kimmel and Silverman filed its motion to withdraw as counsel, and so, apparently, Defendant opted not to move to compel Plaintiff's deposition at that time, presumably in light of the uncertainty of Plaintiff's representation.   (Id. at 2.)

In certain circumstances, repeated failures to provide discovery, to attend a deposition, or both, may be sufficient to warrant dismissal for failure to prosecute where the plaintiff is personally responsible for such failures.   See e.g., Clarke, 153 F. App'x at 73; Jiminez v. Aramark Corp., No. 07-2758, 2008 WL 2837544, at *3 (D.N.J. July 21, 2008) (determining pro se plaintiff was personally responsible for failure to provide initial disclosures and responses to discovery after withdraw of counsel which weighed in favor of Rule 41(b) dismissal); Colon v. Galan, No. 04-5827, 2006 WL 2792789, at *2 (D.N.J. Sept. 27, 2006) (finding pro se plaintiff personally responsible for failing to provide discovery and attend his deposition and concluding dismissal was warranted under 41(b)).   However, the

---

[3] Defendant also claims that "after more than a year of effort to secure the deposition, Plaintiff, in bad faith, has defied all legitimate efforts to secure her deposition." (Def.'s Mem. 4 n.2.)   Defendant fails, though, to offer sufficient evidence documenting these efforts.

factual record before the Court on this motion does not support a dismissal with prejudice on that particular basis.

Despite making broad generalizations, Defendant fails to provide sufficient facts or documentary evidence from which the Court could conclude that Plaintiff was personally responsible for not yet being deposed in this action.  With respect to Defendant's first attempt to notice Plaintiff's deposition for February 3, 2012, it appears from the moving papers that Plaintiff was simply unavailable to attend on that specific date. Beyond that first deposition notice, however, Defendant fails to set forth any specific information demonstrating that "every effort [was made] to secure the deposition of" Plaintiff.  The motion is devoid of any details regarding Defendant's two subsequent attempts to notice Plaintiff's deposition — such as the dates the notices were sent to Plaintiff; the new dates Defendant proposed for conducting the deposition; or the purported reasons why Plaintiff was not deposed on the dates noticed.  Also absent from Defendant's moving papers are any facts describing the nature of Defendant's "legitimate efforts" or its numerous attempts to secure Plaintiff's deposition, and Defendant did not attach any documentary evidence memorializing these attempts.  Similarly, Defendant does not assert any facts from which the Court can conclude that Plaintiff "refused to appear for her deposition[,]" as opposed to simply being

unavailable on the proposed dates.

Without more context for the particular circumstances resulting in Defendant's inability to depose Plaintiff, the Court cannot simply attribute this inability to an outright refusal to appear by Plaintiff, let alone determine that Plaintiff was personally responsible for such alleged conduct.  While the motion indicates that Defendant "questioned [at the outset] whether Plaintiff would appear at a deposition in New Jersey even though she resides in Hazard, Kentucky[,]" before the complaint was filed and was assured by Plaintiff's former counsel that she would submit to a deposition,[4] Defendant leaves the Court without adequate information to conclude that Plaintiff is personally responsible for not having been deposed to date.

As to Defendant's argument that Plaintiff is personally responsible for her failure to comply with the August 28, 2012 Order entered by Judge Williams, the Court agrees.  The August 28, 2012 Order required Plaintiff to "either retain new counsel or notify the Court, in writing, of her intent to proceed pro se" in this action on or before October 1, 2012.  (Am. Order [Doc. No. 21] 2, Aug. 28, 2012.)  The October 1, 2012 deadline came and went without the filing of an entry of appearance by new counsel or any form of written notification from Plaintiff indicating she

---

[4] The record reflects that Defense counsel also raised this issue at the August 28, 2012 hearing before Judge Williams.

intended to proceed pro se.[5]  The August 28, 2012 Order also
specifically set an in-person status conference for October 5,
2012 at 3:00 p.m. and noted that if no counsel appeared on behalf
of Plaintiff, the Court would call Plaintiff at her home in
Kentucky to enable her participation.  When no counsel appeared
on Plaintiff's behalf at the in-person conference, the Court
attempted to contact Plaintiff at the telephone number she
previously provided, but the Court was unable to reach Plaintiff,
and the conference was adjourned.

A review of the recorded proceedings conducted by Judge
Williams on August 28, 2012 makes clear that Plaintiff
appreciated Judge Williams' directives as stated during the
hearing and reflected in the August 28, 2012 Order.  Plaintiff

---

[5] Defendant argues that Judge Williams "warned [Plaintiff]
that [a] failure to comport with the Court's instructions, set
down in an Order, would result in the dismissal of Plaintiff's
claims[,]" and cites to the August 28, 2012 Order in support of
this proposition.  (Def.'s Mem. 2.)  Contrary to Defendant's
assertions though, the August 28, 2012 Order does not explicitly
state that Plaintiff's failure to comply with the Order could
result in the dismissal of her complaint with prejudice.  (See
Am. Order [Doc. No. 21] 1-2, Aug. 28, 2012.)
    The Court has reviewed the recorded proceedings conducted by
Judge Williams in this matter and notes that Judge Williams
directed Plaintiff to Local Civil Rule 41.1 which governs the
dismissal of inactive cases on the Court's docket.  Local Rule
41.1(a) provides in pertinent part that "[c]ivil cases, ... which
have been pending more that 120 days without any proceedings
having been taken therein must be dismissed for lack of
prosecution by the Court (1) on its own motion, or (2) on notice
from the Clerk to all parties who have appeared, unless good
cause is show with the filing of an affidavit from counsel of
record or the unrepresented party."

represented to Judge Williams that she understood that: (1) she
was being given additional time to obtain new counsel; (2) she
had the option to represent herself in this matter and should
inform the Court in writing if she intended to do so by October
1, 2012; and (3) she was available to attend the October 5, 2012
in-person conference by telephone.  However, Plaintiff did none
of these, and has not otherwise contacted the Court since the
August 28, 2012 hearing to explain her inaction and seeming
unwillingness to proceed with this matter.  These failures by
Plaintiff to comply can only be attributed to her, and although
she is apparently proceeding pro se, that does not absolve her of
the obligation to comply with Court rules and orders.  Plaintiff
is personally responsible for her failure to comply with the
August 28, 2012 Order and for her failure to appear by telephone
at the October 5, 2012 in-person conference.  However, in the
absence of sufficient facts demonstrating that Plaintiff was
personally responsible for not being deposed, the first Poulis
factor weighs only slightly in favor of dismissal.

    **2.  Prejudice to the Moving Party**

    Defendant argues that the second Poulis factor is satisfied
here "because Plaintiff's failure to appear for her deposition or
to secure new counsel or to follow the Court's August 29th order,
result in prejudice to" Defendant.  (Def.'s Mem. of Law 4.)
Although Defendant does not articulate precisely how it has been

prejudiced by Plaintiff's conduct, the record demonstrates that Defendant has expended a considerable amount of time, resources, and money since Plaintiff commenced this action by answering the complaint, serving discovery, repeatedly attempting to depose Plaintiff, appearing for Court hearings and conferences, and filing the instant motion. Defendant has actively litigated this case since its inception, but from all appearances, Plaintiff has not engaged in a comparable course of conduct – at least not since the spring of 2012 – to move this litigation forward.

Plaintiff's negligible efforts to actively proceed through the regular course of litigation by working in cooperation with Defendant have resulted in a significant imbalance between the parties. It appears that the significant amount of time and resources spent by Defendant has been largely unproductive because Defendant has not been able to move this case beyond the initial stages of discovery, nor has Defendant been able to file any dispositive motions addressing the merits of Plaintiff's claims. Due to Plaintiff's actions, or inactions as it may be, Defendant has expended substantially more time and resources to litigate this matter than Plaintiff, but has received virtually nothing in return for these efforts. In litigation, as in dance, it takes two to tango, and Plaintiff's failure to dance here has resulted in prejudice to Defendant. Accordingly, the Court finds that the second Poulis factor is satisfied and weighs moderately

14

in favor of dismissal.

**3.   History of Dilatoriness**

Defendant asserts that the third factor is met because "this case has been replete with dilatory conduct of the Plaintiff in delaying discovery and failing to appear as ordered by the Court." (Def.'s Mem. of Law 4.)  Beyond the two examples that Plaintiff failed to inform the Court of the status of her representation by October 1, 2012 and failed to make herself available by telephone for the October 5, 2012 status conference, Defendant's conclusory statement alone is insufficient to establish the requisite history of dilatoriness supporting a dismissal with prejudice.

In cases where a plaintiff's complaint is involuntarily dismissed with prejudice under Rule 41, courts are typically presented with lengthy, ongoing, extensive, and continuous examples of a plaintiff's multiple, repeated failures to comply with court orders, appear for hearings, or engage in discovery, etc.  See, e.g., Adams v. Trs. of the New Jersey Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (explaining that "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders."); Shuman v. Freehold Twp., No. 09-3982, 2012 WL 6053146, at *4 (D.N.J. Nov. 29, 20120) (recommending dismissal where the

plaintiff had "a year-long history of dilatoriness" in failing to produce documents and respond to interrogatories despite repeated extensions, including ignoring two written court orders as well as court directives given during both a telephone conference and a motion hearing); Days Inns Worldwide, Inc. v. Platinum Hospitality Group, LLC, No. 10-6454, 2011 WL 4790765, at *2 (D.N.J. Sept. 20, 2011) (finding pro se defendants engaged in "dilatory behavior" under Poulis where they "refus[ed] to actively participate in the case[,]" were "repeatedly noncompliant", "failed to appear for in-person conferences and hearings on multiple occasions," "failed to appear ... for oral argument on counsel's motion to withdraw," and ignored the court's subsequent warning that another failure to appear would result in striking of their answer); Herlihy v. Trans-Union Corp., No. 07-5828, 2009 WL 44747, at *2 (D.N.J. Jan. 5, 2009) (describing pro se plaintiff's history of dilatoriness as "lengthy and ongoing" where he failed to comply with a magistrate judge's order, failed to respond to a district judge's subsequent opinion, failed to respond to discovery requests by the defendant, and twice failed to respond to the defendant's motions for failure to prosecute).

By contrast, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." Briscoe v. Klaus, 538 F.3d 252, 261 (3d Cir. 2008). Here, Defendant

16

fails to point to any facts supporting its argument that this case has been "replete with dilatory conduct" by Plaintiff in "delaying discovery and failing to appear as ordered by the Court."  The record on the present motion demonstrates only that Plaintiff did not notify the Court in writing by October 1, 2012 regarding her representation in this matter as required by Judge Williams' August 28, 2012 Order and once failed to appear for the October 5, 2012 telephone conference.  Defendant's motion fails to set forth any additional and specific examples of conduct which constitutes dilatory behavior by Plaintiff.  Moreover, it seems plausible to the Court that Plaintiff's failures – which occurred shortly after the withdraw of Kimmel and Silverman may have been the result of confusion on the part of a newly unrepresented litigant as to how to proceed in federal court.  Accordingly, there is insufficient evidence from which the Court can infer a history of dilatory conduct by Plaintiff, and thus this factor militates against dismissal of Plaintiff's complaint at this time.

### 4. Willful Conduct or Bad Faith

Defendant argues here only that the "fourth factor is unrebuttable, as the conduct of Plaintiff was willful and in bad faith."  (Def.'s Mem. of Law 4.)  As the Third Circuit has explained, "[u]nder this factor, the District Court must consider whether the conduct was the type of willful or contumacious

behavior which was characterized as flagrant bad faith.
Generally, willfulness involves intentional or self-serving
behavior." Briscoe, 538 F.3d at 262 (citations and internal
quotations omitted).  However, "[i]f the conduct is merely
negligent or inadvertent, [the court] will not call the conduct
'contumacious.'" Id.  Defendant has not presented adequate
evidence from which the Court can infer that Plaintiff's conduct
to date has been willful or in bad faith.  The facts are
insufficient to support a conclusion that Plaintiff engaged in
intentional or self-serving behavior in this case, as opposed to
the sometimes negligent or inadvertent behavior a Court might
reasonably expect from a litigant whose attorney has withdrawn
from the case within just days before the complained of conduct
Defendant points to here.  Accordingly, there is insufficient
evidence from which to conclude that Plaintiff's behavior was
done willfully or in bad faith, and the fourth Poulis factor thus
weighs against dismissal under these circumstances.

### 5.   Effectiveness of Alternative Sanctions

Generally, a district court "should be reluctant to deprive
a plaintiff of the right to have h[er] claim adjudicated on the
merits[,]" see Titus v. Mercedes Benz of North Am., 695 F.2d 746,
749 (3d Cir. 1982), and therefore "must consider the availability
of sanctions alternative to dismissal." Briscoe, 538 F.3d at 262
(citing Poulis, 747 F.2d at 869); see also Titus, 695 F.2d at 749

(noting that "dismissal is a drastic sanction [that] should be reserved for those cases where there is 'a clear record of delay or contumacious conduct by the plaintiff[,]' ... [thus making] 'it ... necessary for the district court to consider whether lesser sanctions would better serve the interests of justice.'") (citations omitted).  The Third Circuit has recognized that alternative sanctions "include a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, ... dismissal of the suit unless new counsel is secured[,] ... the preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel under 28 U.S.C. § 1927."  Id. at 749 n.6.

Defendant contends that the fifth factor weighs in favor of dismissal because Plaintiff is a pro se litigant and a "debtor who has failed to pay her bill" such that "monetary sanctions would not cure Plaintiff's refusal to prosecute her claims or participate in discovery through her submission to a deposition in the forum state."  (Def.'s Mem. of Law 4.)  The Court is in agreement with Defendant that levying costs, fees, or monetary sanctions against Plaintiff is unlikely to be effective in this case given Plaintiff's status as a pro se litigant and because the FDCPA caps individual statutory damages to $1,000.  See

19

Herlihy, 2009 WL 44747, at *2 (concluding the imposing costs or fees on pro se plaintiff who had failed to prosecute his case would be ineffective where the total amount of damages did not exceed $4,000 and because the court was permitted to presume that his pro se status indicated "a limitation of expendable funds.")

To date Plaintiff has not been subjected to any type of sanction in this case, and it appears to the Court that a lesser sanction than dismissal may be effective to move this litigation forward.  Such a course of action seems particularly prudent in light of the minimal factual record offered in support of the present motion.  Recognizing again dismissal with prejudice is a drastic sanction, heeding the guidance of the Third Circuit to consider appropriate alternatives, and noting that only two of the Poulis factors weigh in favor of dismissal, the Court concludes that a formal reprimand and warning to Plaintiff are more appropriate in this case than a dismissal with prejudice.

Thus, this Opinion shall serve as a formal reprimand of Plaintiff for not actively engaging in the course of this litigation since Kimmel and Silverman withdrew in the fall of 2012.  The Court also hereby warns Plaintiff that a continued pattern of inactivity on her part in this litigation will lead to the dismissal of her complaint with prejudice.  By separate Order to Show Cause issued on this date, Plaintiff will be ordered to respond to the Court by submitting a letter within twenty (20)

days explaining: (1) the reasons she did not obtain new counsel
or indicate to the Court in writing that she was proceeding pro
se by the October 1, 2012; (2) the reasons she was not available
for the October 5, 2012 telephone status conference conduct by
Judge Williams; and (3) whether she intends to continue
litigating this matter any further.  Plaintiff is hereby put on
notice that if she fails to respond to the Court in writing as
set forth above within twenty (20) days of the date of this
Opinion and its accompanying Order to Show Cause, her complaint
will be dismissed with prejudice.

In the words of the late Honorable Harold A. Ackerman, "[i]f
[Baker] no longer wishes to pursue this litigation, [s]he should
dismiss it; otherwise, the Court will.  Forewarned is forearmed."
Herlihy v. Trans-Union Corp., No. 97-5828, 2008 WL 4546537, *2
(D.N.J. Oct. 3, 2008).

**6.   Meritoriousness of the Claim or Defense**

Having determined that dismissal of Plaintiff's complaint is
not warranted at this time upon consideration of the preceding
<u>Poulis</u> factors, the Court need not assess the meritoriousness of
the claims and defenses in this case at this time.

**V. <u>CONCLUSION</u>**

For the reasons expressed above, Defendant's motion to
dismiss Plaintiff's complaint pursuant to Federal Rule of Civil

Procedure 41(b) is denied without prejudice.  An Order and an

Order to Show Cause consistent with this Opinion will be entered.


Dated: May 3, 2013                    s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.